BEFORE THE FIRST DIVISION, OCTOBER 16, 1957

**No. 61279.**—Loffredo Bros. and Gehrig Hoban & Co., Inc. *v.* United States, protest 275036–K (New York).

OLIVER, Chief Judge: The article before us is a plastic item, simulating a pair of binoculars, approximately seven-eighths of 1 inch in length, and having eyepieces about one-fourth of 1 inch in diameter. Attached thereto is a flimsy metal chain about 1 inch in length. At the end of the chain is a small safety pin. Looking through the eyepieces, small religious pictures can be seen. They appear to be pasted on circular plastic pieces that are fitted into the back of the article (plaintiffs' exhibit 1).

The merchandise was assessed with duty at the rate of 45 per centum ad valorem under paragraph 228 (b) of the Tariff Act of 1930 as optical instruments. Plaintiffs claim classification as nonenumerated manufactured articles under paragraph 1558 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52827, carrying a dutiable rate of 10 per centum ad valorem.

Counsel for the respective parties stipulated that "all of Exhibit 1 which is made to simulate a binocular, consists totally of polystyrene" and "This includes the so-called alleged lenses"; that the polystyrene, which is used to make up plaintiffs' exhibit 1, is the same material used to make the paperweights involved in *B. Shackman & Company et al.* v. *United States*, 38 Cust. Ct. 30, C. D. 1839; and that the record in the cited case may be incorporated in this case.

The incorporated record is important herein only as to the factual finding therein that polystyrene is a coal-tar product made from styrene monomer, derived from benzene, and that it is a thermo-plastic material, which is formed into various articles by injection into a molding machine and subjected to heat treatment.

In *United States* v. *Bliss & Co. et al.*, 6 Ct. Cust. Appls. 433, T. D. 35980, the appellate court discussed in detail the provision for optical instruments, and, in the course of its decision, set forth the definition of the word "instrument" as follows:

An instrument is a means, the implement or tool, by which work is done, and is perhaps more correctly applied to implements used for scientific or professional purposes as distinguished from devices or tools used for industrial purposes.

Also, in the same case, the court made the following comment:

The word "optics" is well enough in substance defined as the science which treats of light and vision, the organs of sight, chromatics, and all that is connected with the phenomena of sight. See Standard and Century dictionaries. "Optical" of course is an adjective which is derived from the same root as "optics," and means relating to the science of optics.

In the Dictionary of Tariff Information, September 1924 edition, page 540, there appears the following, under the general caption "OPTICAL GOODS":

Optical instruments are used primarily to aid or extend human vision; they also include apparatus which depends for its operation on the passage of light through prismatic or lenticular glass.

Lenses and prisms are the primary constituents of optical instruments. Lenses are used for three purposes: (1) To concentrate and direct a ray of light (searchlight and automobile lenses); (2) to project a perfectly clear image on a sensitized plate (photography) or screen (motion pictures); (3) to magnify an image so that greater detail may be observed by the eye. * * *

While it might be said, in the light of the foregoing quotations, that the principle of optics is applied in using the merchandise in question, it is equally appropriate to say that the article before us cannot be characterized as an instrument. By its general appearance, the purpose it serves, and its manner or mode of use, it is nothing more than a novelty, and not properly classifiable under the provision for optical instruments, as assessed by the collector. Being a manufactured article and not otherwise specifically provided for, it is properly classifiable under the provision for nonenumerated manufactured articles in paragraph 1558, as modified, *supra*, and dutiable thereunder at the rate of 10 per centum ad valorem, as claimed by plaintiffs.

Our reasoning herein renders distinguishable the case of *International Forwarding Co.* v. *United States*, 53 Treas. Dec. 981, Abstract 5788, involving so-called bone charms in the shape of one side of an opera glass, that is referred to in defendant's brief.

The protest is sustained and judgment will be rendered accordingly.